IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.,
      PELVIC REPAIR SYSTEM                                 MDL NO. 2187
      PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

CAROLYN D. CUFFEE, ET AL                                          2:14-CV-02528

## MEMORANDUM OPINION AND ORDER

I.    Introduction

Pending before the court is Plaintiffs' Motion for Leave to Serve Plaintiffs' Supplemental Report of Dr. Bruce Rosenzweig ("Pl.'s Mot. Leave") [ECF No. 29]. The defendant filed a Response [ECF No. 30], and the plaintiffs filed a Reply [ECF No. 31]. For the reasons detailed below, the plaintiffs' motion is **GRANTED**.

II.    Background

On May 12, 2017, the last day scheduled to serve expert reports, the plaintiffs served on the defendants the expert report of Bruce Rosenzweig, M.D. Pl.'s Mot. Leave 1. On August 2, 2017, the plaintiffs filed this motion to supplement Dr. Rosenzweig's report. *Id.* The supplemental report adds the fact that Dr. Rosenzweig reviewed the deposition transcripts of Dr. William K. Rand and Dr. John L. Crockford when drawing his conclusions. *Id.* Dr. Rosenzweig's supplemental report expresses this by listing "Rand, III, M.D., William K. — dated 06/29/2017" and "Crockford, M.D., Jon L. — dated 06/09/2017" under the "deposition transcript" section of the reliance

1

list in his report. *Id.* Dr. Crockford was deposed on June 9, 2017. *Id.* at 2. The final draft of the transcript of his deposition became available on June 15, 2017. Def.'s Opp'n to Pl.'s Mot. 3 ("Def.'s Opp'n") [ECF No. 30]. Dr. Rand was deposed on June 29, 2017, and the final draft of the transcript of his deposition became available on July 10, 2017. *Id.* at 2–3.

Dr. Rosenzweig "has no wish to alter the opinions within his report," as he believes that his opinions are still fully supported. *Id.* at 2. Instead, he only wishes to supplement the list of materials he relied on. *Id.* The plaintiffs argue that this supplementation is proper under Federal Rules of Civil Procedure 26(e). Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. 2 ("Pl.'s Reply") [ECF No. 31].

The defendant argues that "[t]he purpose of Rule 26 would not be served by permitting [the plaintiff] to now serve a supplemental report, adding new bases for an expert's opinions, at the close of discovery when the expert has already been deposed regarding his opinions of this case." Def.'s Opp'n 3. Discovery closed on August 11, 2017. Pretrial Order # 259 [ECF No. 28]. Additionally, the defendant argues that if Dr. Rosenzweig was going to rely on these depositions, then he should have been prepared to discuss them at his deposition on July 9, 2017. Def.'s Opp'n 4–5. Lastly, the defendant requests that, if the court allows the supplementation, the defendant "be permitted additional time to depose Dr. Rosenweig on the newly added bases for his opinions." *Id.* at 5.

### III. Legal Standard

The Federal Rules of Civil Procedure require that a party "disclose to the other parties the identity of any witness it may use at trial." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Disclosures of expert testimony are to be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Parties who make a disclosure under Rule 26(a):

> must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

### IV. Discussion

"Fed. R. Civ. P. 26(e) does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect." *Coles v. Perry*, 217 F.R.D. 1, 4 (D.C. 2003); *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 212 (4th Cir. 2017) (citing *Mineba Co., LTD v. Papst, et al.*, 231 F.R.D. 3, (D.C. 2005)) ("Rule 26(e) 'permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was

not available at the time of the initial report.'"). "When considering supplemental information provided under Rule 26(e) the issues are (1) does the supplemental information correspond to a prior Rule 26(a) disclosure, and (2) was the supplemental information available at the time set for the initial disclosure." *Carrillo v. B&J Andrews Enters., LLC*, No. 2:11-cv-01450-rcj-cwh, 2013 WL 420401, at *4 (D. Nev. Jan. 31, 2013).

"Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches." *EQT Gathering, LLC v. Marker*, No. 2:13-cv-08059, 2015 WL 9165960, at *6 (S.D. W. Va. Dec. 16, 2015) (citing Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment.). "The timing of supplementation is best gauged in relation to availability of the supplemental information." *Carrillo*, 2013 WL 420401, at *4.

Here, Dr. Rosenzweig wants to supplement his report by listing the depositions of Dr. Rand and Dr. Crockford in the reliance materials section of his report. Pl.'s Mot. Leave 1–2. This is proper supplementation. During his deposition, Dr. Rosenzweig testified that he had not yet had the opportunity to review Dr. Rand or Dr. Crockford's depositions and that some of the material in his reports about the doctors was currently speculation. Pl.'s Mot. Leave, Ex. E, at 19 [ECF No. 29–6] ("I had not read his deposition and there are a couple of corrections that I was going to make on the record to the report. On page 14, where I state what Dr. Rand may or may not have known, that is speculation on my part as I had not read his

deposition."). Dr. Rosenzweig later reviewed the depositions and came to the conclusion that his original opinions were still supported. Pl.'s Mot. Leave 2. He now wishes to include the fact that he reviewed the depositions in his report to support his conclusions, which were originally mere speculation. *Id.*

The supplemental information corresponds to Dr. Rosenzweig's prior Rule 26(a) disclosure, because his initial report sets forth conclusions about the doctors whose depositions he now wishes to add. *See Carrillo*, 2013 WL 420401, at *4. Additionally, "the supplemental information [was not] available at the time set for the initial disclosure," because the depositions were not taken until after the scheduled deadline for submission of expert reports. *Id.* Lastly, the supplementation was timely. The plaintiffs filed this motion for leave to supplement Dr. Rosenzweig's report less than two months after the final transcript of Dr. Rand's deposition became available. While in a perfect world Dr. Rosenzweig would have reviewed the final transcript of Dr. Crockford's deposition, and the draft of the transcript of Dr. Rand's deposition before he was deposed, the fact that he had not yet done so does not mean his supplemental report is untimely.

Given the information that was added in the supplemental report, the court does not see why the defense would need to depose Dr. Rosenzweig again. The plaintiffs, however, have repeatedly offered to allow the defendant to depose Dr. Rosenzweig again based on his supplemental report. Pl.'s Mot. Leave 2; Pl.'s Reply 8. Thus, the court leaves it up to the discretion of the parties whether the defendant needs additional time to depose Dr. Rosenzweig. If there is any additional deposition

time, it must solely focus on the information that was added in the supplemental report.

V. Conclusion

The Plaintiffs' Motion for Leave to Serve Plaintiffs' Supplemental Report of Dr. Bruce Rosenzweig is **GRANTED.** The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 25, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE